[Cite as *State v. Bilah*, 2023-Ohio-4070.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                                   No. 112383

    v.                              :

RASHAD BILAH,                     :

    Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; VACATED IN PART; REMANDED
**RELEASED AND JOURNALIZED:** November 9, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667971-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Rashad Bilal[1] appeals his conviction for trafficking, drug possession, and other offenses. For the reasons that follow, we vacate appellant's conviction and sentence on Count 3 for drug possession as a felony of the first degree, and we remand the case to the trial court to enter the conviction on Count 3 as a felony of the second degree and to sentence appellant accordingly on that count. The judgment of the trial court is otherwise affirmed.

{¶ 2} On February 16, 2022, appellant was arrested after he fled from police who were about to execute a search warrant at his house on Bosworth Road in Cleveland, which is near a school. Footage of the pursuit was captured on police body camera. As the police chased appellant through the residential neighborhood, appellant was pulling out plastic baggies, tearing them open, and throwing them in the air, which created a large cloud of suspected fentanyl. Once apprehended by the police, appellant began throwing up. Appellant, whose clothing was covered in suspected fentanyl powder, was taken to a hospital for a possible overdose.

{¶ 3} In the path of the chase, police recovered several baggies that were lying in the snow. The police also observed what appeared to be fentanyl in the snow on the ground. The police skimmed the gray powder from the snow and put it into plastic vials; however, because some snow got in that then melted, the lab analysis was done on the gray liquid that had formed.

_____

[1] Appellant's legal name is "Rashad Bilal"; however, his name was captioned in the record as "Rashad Bilah."

{¶ 4} In the house, the police found identification cards, a title to the Acura vehicle in the driveway, multiple jars of suspected marijuana, sandwich baggies, digital scales with residue, a spoon with residue, Narcan, a large amount of cash, and other evidence. In appellant's vehicle, the police found a jar of suspected marijuana and a cell phone.

{¶ 5} A forensic scientist examined evidence that was recovered. A bag that was examined was determined to contain fentanyl and 4-ANPP with a weight of 19.07 grams. The gray liquid in each of the two vials tested positive for fentanyl and 4-ANPP, with one weighing 21.40 grams and the other weighing 5.04 grams; however, the amount of fentanyl was not separated out. Although cocaine, fentanyl, and THC residue in varying combinations were detected on the scales, the forensic scientist described the amount of residue as being less than .01 grams. There also was cocaine residue and fentanyl residue on appellant's clothing.

{¶ 6} Appellant was charged under a six-count indictment with the following offenses:

Count 1, trafficking, a felony of the first degree in violation of R.C. 2925.03(A)(2), with a schoolyard specification and forfeiture specifications;

Count 2, drug possession, a felony of the first degree in violation of R.C. 2925.11(A), with a schoolyard specification and forfeiture specifications;

Count 3, drug possession, a felony of the fifth degree in violation of R.C. 2925.11(A), with a schoolyard specification and forfeiture specifications;

Count 4, possessing criminal tools, a felony of the fifth degree in violation of R.C. 2923.24(A), with forfeiture specifications;

Count 5, tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1);

Count 6, obstructing official business, a felony of the fifth degree in violation of R.C. 2921.31(A).

{¶ 7} Appellant entered a plea of not guilty to the charges, and the case eventually proceeded to a jury trial. The testimony is discussed in the briefing, and this court has thoroughly reviewed the record. At the conclusion of the trial, the jury returned a verdict of guilty on all counts. The trial court merged Counts 1 and 2 for sentencing and imposed a total sentence of 14 years to 19 years and 6 months.

{¶ 8} Appellant timely filed this appeal.

{¶ 9} Under his first assignment of error, appellant claims that he received ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show "(1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, 170 Ohio St.3d 107, 2022-Ohio-3697, 209 N.E.3d 621, ¶ 36, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142-143, 538 N.E.2d 373 (1989). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

{¶ 10} In this case, appellant argues his trial counsel misunderstood the law and incorrectly argued to the jury that appellant needed to know that the drug he trafficked and possessed was fentanyl. The state concedes that knowledge of the nature of the substance is not required, but the state argues that this did not amount to ineffective assistance of counsel in this case.

{¶ 11} For purposes of our review, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691, citing *United States v. Morrison*, 449 U.S. 361, 364-365, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

{¶ 12} Appellant asserts that trial counsel's misunderstanding of the elements of the offense would have impacted how trial counsel negotiated with the state prior to trial and how he prepared for trial. However, there is nothing in the record to support this argument. The transcript reflects that there was no plea offer and the state had only presented appellant with the opportunity to plead to the indictment, which he rejected. Although appellant speculates that trial counsel could have negotiated a different plea, his argument is nothing more than pure conjecture. Appellant also asserts that trial counsel could have made the weight of drugs the focus of the pretrial and/or trial strategy. However, the record shows that

appellant's trial counsel thoroughly cross-examined the state's witnesses regarding the weight of the drugs and zealously argued that the state had not shown the amount of fentanyl recovered was over 20 grams.[2]  That another strategy may have been available does not mean that counsel provided ineffective assistance.  *See State v. Whitaker*, 169 Ohio St.3d 647, 2022-Ohio-2840, 207 N.E.3d 677, ¶ 71, citing *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 19.

{¶ 13} Upon our review, we find appellant has failed to demonstrate a reasonable probability that but for the alleged deficiencies in his trial counsel's performance, the result of the proceedings would have been different.  Because appellant has failed to establish any prejudice, his claim of ineffective assistance of counsel must fail.  Accordingly, the first assignment of error is overruled.

{¶ 14} Under his second assignment of error, appellant argues that his conviction for drug possession as a first-degree felony offense is not supported by sufficient evidence that the weight of the fentanyl in question equaled or exceeded 20 grams.[3]  "In reviewing a record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"  *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d

---

[2] We note that appellant's trial counsel also made numerous objections and suggested that police did not sufficiently investigate a second male on scene.

[3] Appellant does not challenge his trafficking conviction and acknowledges that the trafficking charge would remain a first-degree felony because of the schoolyard specification.

1092, ¶ 156, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 15} Appellant was convicted of drug possession in violation of R.C. 2925.11(A), which provides "[n]o person shall knowingly obtain, possess, or use a controlled substance * * *." The offense was charged as a first-degree felony, with the indictment specifying that "the drug involved in the violation is a fentanyl-related compound * * *, or is a compound, mixture, preparation, or substance that contains a fentanyl related compound" and that "the amount of the drug involved * * * *equals or exceeds twenty grams but is less than fifty grams.*" (Emphasis added.)

{¶ 16} In this case, appellant challenges whether the state met its burden of production at trial as to the weight of the drugs. Appellant argues that the testimony of the forensic scientist established only that a bag contained 19.07 grams of fentanyl and 4-ANPP, that the vials contained an unknown amount of fentanyl mixed with melted snow, and that there was residue weighing less than .01 grams on other items tested.

{¶ 17} Appellant argues that the state could not establish the weight of the fentanyl in the vials because it was mixed with melted snow and the forensic scientist could not testify to what concentration of the gray liquid in the vials was fentanyl. Appellant cites *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, wherein the Supreme Court held that "the entire 'compound, mixture, preparation, or substance,' including any fillers that are *part of the usable drug*, must be

considered * * *." (Emphasis added.) *Gonzales* at ¶ 3. Appellant argues that because melted snow is not meant to be consumed as part of fentanyl, the water weight should not count toward the total weight of the controlled substance in this case.

{¶ 18} On the other hand, the state argues that it was not required to establish the actual amount of the controlled substance found in the compound or mixture. The state cites to *State v. Basford*, 9th Dist. Medina No. 20CA0017-M, 2021-Ohio-161, ¶ 29-31. However, in *Basford*, the police recovered a bottle of red liquid with a pipe attached to it from the defendant's hotel room that contained a methamphetamine mixture that already had been created by the defendant. *Id.* at ¶ 24, 31. In this case, the mixture was formed during police collection efforts after the defendant's attempt to discard the drugs in the snow. The state has not convinced us that the melted snow that was collected constitutes part of the compound or mixture under R.C. 2925.11(A).

{¶ 19} We recognize that neither *Basford* nor *Gonzales* considered the circumstances involved in this case. The circumstances herein are unique in that the state recovered an additional agent that was included in the compound or mixture that was subject to testing. Typically, the state recovers drugs and their associated compounds, but the state normally is not associated with "creating" them. Here, it is the "creation" of the overall weight of the mixture, with the inclusion of the melted snow, that is problematic. Although arguably it is appellant's conduct in discarding the drugs into the snow that caused the problem, historically weight has been based on the defendant's choice of drugs combined with the

defendant's cutting agents and compounds.  Ultimately, it is for the legislature to determine if it wishes to punish offenders for discarding drugs and complicating the recovery and subsequent weighing process.

{¶ 20} In this case, the forensic scientist determined one of the bags contained 19.07 grams of fentanyl and 4-ANPP.  Therefore, the state needed to establish a combined weight of .93 grams from the other evidence.  Although the contents of the vials had a combined weight of 26.44 grams, it is undisputed that the vials contained liquid from the snow that was collected.  The forensic scientist could not separate out the weight of the fentanyl collected in the vials.  There simply was no evidence of the relative weight of fentanyl to water.  Therefore, the state did not meet its burden of production at trial.  *See State v. Spencer*, 2017-Ohio-456, 84 N.E.3d 106, ¶ 5, 46-48 (4th Dist.) (reversing convictions for second-degree drug trafficking and drug possession where the lab was not able to separate heroin from segments of plastic stuck to the heroin and there was no evidence of the relative weight of heroin to plastic).

{¶ 21} Although the state points to other evidence presented at trial, which among other evidence included photographs of the gray fentanyl in the snow and testimony that only "a minor amount of the snow" was collected, the forensic scientist testified the weight of the contents in the vials included the fluid and that there was no way to know if the vials had a little more than a trace of fentanyl in them.  We cannot speculate as to the amount fentanyl that was in the vials.  *See id.* at ¶ 47.  Further, although there was testimony that appellant had ripped open bags

and spilled the suspected fentanyl in the snow, there was no testimony to establish any amount of fentanyl that was not recovered.

{¶ 22} Viewing the evidence in a light most favorable to the prosecution, we do not find any rational trier of fact could have found the state established beyond a reasonable doubt the requisite weight of the drugs for a first-degree felony conviction for drug possession. The second assignment of error is sustained. We vacate appellant's conviction and sentence on Count 3 for drug possession as a felony of the first degree, and we remand the matter to the trial court to enter a judgment of conviction on Count 3 as a felony of the second degree and to sentence appellant accordingly on that count.

{¶ 23} Judgment affirmed in part, vacated in part, and remanded for further proceedings consistent with this court's opinion.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR